IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DORIS ANN NETTLES, ESTATE, CHAVA NIKE' BEY, EXECUTRIX/ BENEFICIARY AND TRUSTEE<br><br>Plaintiff,<br><br>v.<br><br>STATE OF TENNESSEE, et al.,<br><br>Defendants. | No. 2:24-cv-02241-MSN-atc |

REPORT AND RECOMMENDATION AND
ORDER ON PENDING MOTIONS

Before the Court by Order of Reference[1] are multiple motions and related filings:

- The Motion to Dismiss of Defendants State of Tennessee, Chancellor Melanie Taylor Jefferson, and Chancellor JoeDae Jenkins (collectively, the "State Defendants"), filed on May 8, 2024. (ECF No. 9.)

- The Motion to Dismiss of Defendants Auction.com, Jason Allnut, and Ali Harlson (collectively, the "Auction.com Defendants"), filed on May 16, 2024. (ECF No. 10.)

- The Motion to Dismiss of Defendants Wilson & Associates, PLLC, Courtney McGahhey, Shellie Wallace, Jenifer Wilson Harvey, Samuel S. High, and Nakisha Miller (collectively, the "Wilson Defendants"), filed on May 17, 2024. (ECF No. 13.)

- The Motion to Dismiss of Defendants Wells Fargo Bank, N.A., Charles W. Scharf, Michelle L. Christ, Michelle Erin Wihren, and Katherine R. Rogers (collectively, the "Wells Fargo Defendants"), filed on May 23, 2024. (ECF No. 16.)

- The Response to the Motions to Dismiss of "All Defendants" of Plaintiff Doris Ann Nettles, Estate, Chava Nike' Bey, Executrix/Beneficiary and Trustee ("Bey"), filed on May 29, 2024. (ECF No. 21.)

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

- The Motion to Dismiss of Defendants Zillow Group, Rich Barton, Susan Diamler, Jeremy Wacksman, and John Michael Hearns (collectively, the "Zillow Defendants"), filed on June 26, 2024. (ECF No. 24.)

- Bey's Amended Complaint, filed on August 12, 2024.[2] (ECF No. 26.)

- The State Defendants' Motion to Dismiss the Amended Complaint, filed on August 16, 2024. (ECF No. 28.) Bey filed a motion to strike this Motion on September 6, 2024 (ECF No. 35), which the Court construes as her Response to the Motion.

- The Joint Motion to Strike Bey's Amended Complaint of the Wells Fargo Defendants, the Auction.com Defendants, the Wilson Defendants, and the Zillow Defendants, filed on August 26, 2024. (ECF No. 32.) Bey filed a motion to strike this Motion on September 12, 2024 (ECF No. 37), which the Court construes as her Response to the Motion.

- Bey's Motion to compel discovery pursuant to Federal Rule of Civil Procedure 26, filed on October 28, 2024. (ECF No. 39.) The Zillow Defendants filed a Response to the Motion on November 12, 2024 (ECF No. 42), which each other Defendant filed either a notice or motion to join. (ECF Nos. 43–52.) The motions to join are hereby GRANTED.

- Bey's Motion to compel discovery pursuant to Federal Rule of Civil Procedure 37, filed on December 12, 2024. (ECF No. 55.) The Wells Fargo Defendants filed a Response to the Motion on December 26, 2024 (ECF No. 58), which the State Defendants and the Zillow Defendants filed notices to join. (ECF Nos. 59–60.)

---

[2] Bey filed her Amended Complaint (ECF No. 26) over twenty-one days after the filing of the Defendants' Motions to Dismiss (ECF Nos. 9, 10, 13, 16, 24), such that Bey could not amend as of right under Federal Rule of Civil Procedure 15(a)(1). For the purposes of this Report and Recommendation and Order, however, the Court will consider the Amended Complaint herein and construe Bey's complaints together. Typically, "when plaintiff files [an] amended complaint, [the] new complaint supersedes all previous complaints and controls [the] case from that point forward." *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)). Nevertheless, in this case, given Bey's *pro se* status, the Court construes her proposed Amended Complaint together with the original Complaint. *See Minner v. Shelby Cnty. Gov't*, No. 2:17-cv-2714-JPM-cgc, 2018 WL 4762136, at *4 (W.D. Tenn. Oct. 2, 2018) (citing *Taylor-Merideth v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:16-cv-00612, 2017 WL 1164583, at *1 (M.D. Tenn. Mar. 28, 2017), for the proposition that "[i]t is apparent to the Court that [Plaintiff] likely did not understand that her Amended Complaint would supersede the original Complaint, and that therefore she needed to re-allege the facts entitling her relief. . . . In light of the lenient standards afforded to *pro se* litigants at the pleading stage, the Court will construe the Complaints together rather than require additional amendment."); *Leggett v. W. Express Inc.*, No. 3:19-cv-00110, 2020 WL 1161974, at *1 n.1 (M.D. Tenn. Jan. 6, 2020), *report and recommendation adopted sub nom. Leggett v. W. Express Inc*, No. 3:19-cv-00110, 2020 WL 1158140 (M.D. Tenn. Mar. 10, 2020) (citations omitted) (same).

- Bey's Motion to waive the meet and confer requirements of Federal Rule of Civil Procedure 26(f), filed on January 15, 2025. (ECF No. 61.) To date, none of the Defendants have filed a response to this Motion.

For the reasons set forth below, the Court RECOMMENDS that the Defendants' Motions to Dismiss (ECF Nos. 9, 10, 13, 16, 24) and the Motion to Strike the Amended Complaint (ECF No. 32) be granted and that this case be dismissed. In light of this recommendation, the Court ORDERS that Bey's three discovery-related motions (ECF Nos. 39, 55, 61) are DENIED WITHOUT PREJUDICE AS MOOT.

## REPORT AND RECOMMENDATION

### I. Proposed Findings of Fact

Bey filed her Complaint against Defendants on April 17, 2024 (ECF No. 1), and her Amended Complaint on August 12, 2024 (ECF No. 26). Though the precise nature of Bey's allegations and claims are nearly impossible to decipher, the crux of Bey's case is that she seeks to challenge a foreclosure proceeding in Shelby County Chancery Court that became final in 2021 (the "Foreclosure Proceeding"), relating to property located at "1419 Singing Trees Drive Memphis Territory Tennessee Republic." (ECF No. 1, at 4, 21; ECF No. 1-4, at 2–5.) In both the Complaint and Amended Complaint, Bey extensively relies on irrelevant, purported historical events; cases, statutes, and decrees that have no bearing on this case; and entirely frivolous legal theories related to the "sovereign citizen" movement. (*See generally* ECF Nos. 1, 26.) A complete recounting of Bey's assertions and arguments is not practical or necessary here, but some of her more incredible allegations include:

- The United States Supreme Court has ruled that attorneys are not licensed to practice law and that the practice of law cannot be licensed by any state (ECF No. 1, at 7, 24, 27);

- There exist only two types of laws or jurisdictions: "Common Law and Admiralty Jurisdiction" (*id*. at 8);

- Bey's mortgage contract at issue in the Foreclosure Proceeding is invalid because it is not an "international maritime contract" (*id.* at 9–10);

- Bey is a separate legal entity from "Doris Ann Nettles," as Bey is a "living sentient woman and rightful heir [and is] not lost at sea," Nettles is a legal fiction and "spurious creation[] of the foreign, de fact[]o United States Corporate Operators," and Bey bears no responsibility for any contracts signed by Nettles (*id.* at 10);[3]

- The State of Tennessee is "a private, for profit corporation, foreign to the United States Republic" (ECF No. 1, at 11);

- Bey's mortgage contract was really between Defendants and Nettles, Bey had no liability on the loan on which Nettles was the mortgagor, and Defendants' only recourse to collect on the loan was to apply "for electronic credits from the Federal Reserve" that the "United States Service Corporation" maintains under the fictional Nettles identity for the benefit of Bey (*id.* at 15–21; ECF No. 26, at 11–14);

- Corporations "cannot sign and therefore cannot enter any contract with an attorney" (ECF No. 1 at 22);

- Judges have "a conflict of interest in hearing any cases that involve the government, or government agents, or B.A.R. members due to the fact the judge is paid by the government" (*id.* at 26);[4]

- The Foreclosure Proceeding was invalid because the Chancery Court "lacked jurisdiction to get involved in the case as there is no injured party, and the foreclosure statute is not a valid law" (ECF No. 1, at 26);

---

[3] To avoid confusion, the Court notes that Bey legally changed her name from "Doris Ann Nettles" to "Chava Nike' Bey" on November 5, 2014. (ECF No. 26-1.) However, Bey and Nettles are, in fact, the same person. Bey's claim that she is a separate legal entity from Nettles and not responsible for her debts is a common theory among sovereign citizen adherents. *See United States v. Cook*, No. 3:18-cr-00019, 2019 WL 2721305, at *1 (E.D. Tenn. Jun. 28, 2019) (describing the "tactic known as 'redemption'" in which "[g]overnment credentials such as birth certificates embody a fictional 'strawman,' each with its own corresponding bank or trust account that is distinct from the 'flesh-and-blood' person. The strawman operates in the commercial world, so only the strawman is subject to the jurisdiction of a court. But since the gold standard was abolished, the strawman accounts have been used to secure government debt; by filing the right documents, the flesh-and-blood person can 'redeem' money from the strawman account.") (citations omitted).

[4] Some sovereign citizens believe that licensed attorneys and judges are engaged in a treasonous conspiracy "because they are members of the 'B.A.R.' meaning 'British Accreditation Registry,' and, therefore, they are loyal to Britain, no longer citizens of the United States, and have no authority or jurisdiction." *United States v. Joseph*, No. 17-cr-02483-KG/JHR, 2022 WL 1078215, at *5 (D.N.M. Apr. 11, 2022).

4

- Various decrees from the Catholic Pope are binding on this Court and serve to invalidate the Foreclosure Proceeding (*id.* at 27–29);

- The United States of America is not a real entity; instead, it is an alter ego of the "United States Service Corporation," which is a "private for profit corporation foreign to the United States Republic and foreign to the Tennessee Republic" (ECF No. 26, at 4);

- The United States is a commercial company formed by Benjamin Franklin in 1754 that subsequently went bankrupt under President Abraham Lincoln and was eventually rechartered under the authority of the Roman Catholic Church (*id.* at 6–7);

- The United States was quit claimed by President Franklin D. Roosevelt in 1944 to the International Monetary Fund, which in turn transferred ownership of the United States to the Federal Reserve as of 2013 (*id.* at 7–8);

- Attorneys, as members of the "B.A.R. association" are "'foreigners on American soil" and "are subject to deportation and seizure of all of their private assets" (*id.* at 8);

- The Catholic Pope has decreed that "organic American Nationals," such as Bey, have been freed from all contracts with corporations and from the jurisdiction of the United States, such that her mortgage contract and the Foreclosure Proceeding are invalid (*id.* at 9–11);

- Bey's Complaint and Amended Complaint in this matter are actually criminal charging documents, as she is a sovereign entity that is superior to the fraudulent governments of the United States and the State of Tennessee, and, as such, she can prosecute the Defendants in this case (*id.* at 14–18);

- The Universal Declaration of Human Rights and the Treaty of Peace and Friendship of 1836 between the United States and Morocco supersede the laws of the United States and the State of Tennessee and establishes that Bey is a sovereign entity who is entitled to relief in this matter (*id.* at 22–27); and

- Bey's status as a "Moroccan-Moor" means that she is a sovereign entity whose jurisdiction is superior to that of the United States and the State of Tennessee and that she can issue binding commands to both the Defendants in this matter and to this Court (*id.* at 19–21, 31–33).

Due to the nature of her allegations, the Court is unable to determine precisely what Bey's alleged claims and causes of action are. (*See generally* ECF Nos. 1, 26.) At various points in the Complaint and Amended Complaint, Bey appears to assert claims under 42 U.S.C. § 1986, "the Tuckers Act," the Administrative Procedures Act of 1946, the Racketeer Influenced and Corrupt Organizations Act, and the Fair Debt Collection Practices Act ("FDCPA"). (*Id.*)

5

But, in general, as best as the Court can determine, Bey alleges that Defendants engaged in a conspiracy to deprive her of her rights as a sovereign citizen and that she is entitled to the invalidation of the Foreclosure Proceeding. (*Id.*)

Though not mentioned in the Complaint or Amended Complaint, Bey filed a substantively similar complaint—containing many of the same claims and sovereign-citizen theories—on August 23, 2023, in the Shelby County Chancery Court: *Bey v. Scharf, et. al.*, No. CH-23-1113 ("*Bey I*").[5] (ECF Nos. 17-1, 17-2.) *Bey I* involved many of the Wells Fargo Defendants, the Auction.com Defendants, the Wilson Defendants, and the Zillow Defendants that are present here, as well as other defendants not named in this case. (*Id.*) Similar to Bey's Complaint and Amended Complaint here, in *Bey I*, she claimed that the defendants engaged in a conspiracy to deprive her of her rights as a sovereign citizen and that she was entitled to the invalidation of the Foreclosure Proceeding. (*Id.*) The claims in *Bey I* were dismissed with

---

[5] The Wells Fargo Defendants, the Auction.com Defendants, the Wilson Defendants, and the Zillow Defendants rely on *Bey I* and the *Rooker–Feldman* doctrine in their Motions to Dismiss and Joint Motion to Strike the Amended Complaint. (ECF Nos. 10, 13, 16, 24, 32.) The Wells Fargo Defendants and the Zillow Defendants attach filings from *Bey I* to their Motions to Dismiss, including the complaint, amended complaint, and two orders of dismissal from that case. (ECF Nos. 17-1, 17-2, 17-4, 25-1.) The Court takes judicial notice of the record in *Bey I* and will consider these attachments herein. *See Stewart v. Brown*, No. 23-3690, 2024 WL 3551151, at *1 (6th Cir. Apr. 4, 2024) (holding that, when considering a motion to dismiss based on the *Rooker–Feldman* doctrine and *Younger* abstention, "the district court properly relie[s] on public records showing what had occurred in [the plaintiff's] state-court proceedings," even when the plaintiff does not attach or mention them in the subsequent federal case) (citations omitted); *see also Smith v. Bank of Am.*, No. 3:16-cv-391, 2017 WL 9482191, at *1, n.2 (S.D. Ohio Apr. 4, 2017) (citing *Wyser–Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005)) (relying on public records from the underlying state-court foreclosure proceeding when considering a motion to dismiss based on the *Rooker–Feldman* doctrine).

prejudice for failure to state a claim on various dates in March and April, 2024. (ECF Nos. 17-4, 25-1.) The final *Bey I* defendants were dismissed and the case was closed on April 24, 2024.[6]

## II.     PROPOSED CONCLUSIONS OF LAW

The Defendants all move for dismissal of Bey's claims. The State Defendants seek dismissal based on Eleventh Amendment sovereign immunity. (ECF Nos. 9, 28.) In their Motions to Dismiss and Joint Motion to Strike the Amended Complaint, the Wells Fargo Defendants, the Auction.com Defendants, the Wilson Defendants, and the Zillow Defendants each seek dismissal based on, among other things, the *Rooker–Feldman* doctrine and the frivolousness of Bey's claims due to her reliance on sovereign-citizen theories of recovery.[7] (ECF Nos. 10, 13, 16, 24, 32.)

### A.     Standards of Review

#### 1.     *Subject Matter Jurisdiction*

The State Defendants' Eleventh Amendment sovereign-immunity arguments and the *Rooker–Feldman* arguments of the Wells Fargo Defendants, the Auction.com Defendants, the Wilson Defendants, and the Zillow Defendants are brought pursuant to Federal Rule of Civil Procedure 12(b)(1). "A party may move to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Yovo v. U.S. Citizenship & Immigr. Servs.*, No. 2:23-cv-02329-JTF-tmp, 2023 WL 8654438, at *1 (W.D. Tenn. Dec. 14, 2023). "When a defendant attacks subject matter jurisdiction under Rule 12(b)(1), the plaintiff must meet the

---

[6] The final order in *Bey I* was not attached to the Motions to Dismiss. However, the *Bey I* case docket reflects that the final order was entered on April 24th. The order is available at https://perma.cc/DW3R-S4UT.

[7] Because the Court recommends dismissal based on these grounds, the Court does not address Defendants' other arguments, including res judicata and the sufficiency of service of process.

7

burden of proving jurisdiction." *Id.* (quoting *Cline v. United States*, 13 F. Supp. 3d 868, 870 (M.D. Tenn. Apr. 7, 2014)). "A complaint is subject to dismissal under Rule 12(b)(1) if the facts, accepted as true and viewed in the light most favorable to the plaintiff, show that the court lacks subject-matter jurisdiction." *Nesselrode v. Sec'y of U.S. Dep't of Educ.*, No. 17-4206, 2018 WL 6975166, at *2 (6th Cir. June 18, 2018).

"Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed." *Woodson v. Woodson*, No. 2:22-mc-00003-TLP-tmp, 2022 WL 16985602, at *2 (W.D. Tenn. Feb. 18, 2022), *report and recommendation adopted*, 2022 WL 16963997 (W.D. Tenn. Nov. 16, 2022) (citing *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). "Even so, pro se litigants must adhere to the Federal Rules of Civil Procedure, . . . and the court cannot create a claim that has not been spelled out in a pleading." *Id.* (citations omitted). "A district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)).

2. *Amending Pleadings*

As noted above, Bey was required to seek leave to file her Amended Complaint (ECF No. 26), and thus the Court will construe the filing of the Amended Complaint as a motion to amend.[8] "[M]otions for leave to amend are reviewed under the deferential standard of Federal

---

[8] The State Defendants renewed their Motion to Dismiss in response to the Amended Complaint (ECF No. 28), whereas the Wells Fargo Defendants, the Auction.com Defendants, the Wilson Defendants, and the Zillow Defendants filed a Joint Motion to Strike the Amended Complaint as futile for the reasons set forth in their Motions to Dismiss (ECF No. 32).

8

Rule of Civil Procedure 15, and the Court 'should freely give leave when justice so requires.'" *Porter v. AAR Aircraft Servs., Inc.*, 316 F.R.D. 691, 692 (W.D. Tenn. 2016) (quoting Fed. R. Civ. P. 15(a)(2)). An exception to this forgiving standard is when a proposed amendment is futile. *Id.* (citing *Pedreira v. Ky. Baptist Homes for Child., Inc.*, 579 F.3d 722, 729 (6th Cir. 2009)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Berry v. Regions Fin. Corp.*, 507 F. Supp. 3d 972, 977 (W.D. Tenn. 2020), *appeal dismissed*, No. 21-5038, 2021 WL 1511687 (6th Cir. Jan. 29, 2021) (quoting *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)); *see also Avery Outdoors, LLC v. Peak Rock Cap., LLC*, No. 16-cv-2229-SHL-tmp, 2017 WL 5186246, at *3 (W.D. Tenn. Jan. 23, 2017) (setting forth and considering the Rule 12(b)(6) standard of review when granting in part and denying in part a motion to amend the complaint). That standard is set forth in the next section.

        3.     *Failure to State a Claim*

To determine whether an individual has stated a claim for which relief may be granted, the Court applies the standards under Rule 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The Court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

9

Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); s*ee also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to *pro se* complaints, "however inartfully pleaded"). Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, but it would also transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a

10

plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)). "A pro se complaint must still 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Shelby v. Greystar Mgmt. Servs., L.P.*, No. 2:17-cv-02650-SHM-cgc, 2018 WL 386647, at *2 (W.D. Tenn. Jan. 11, 2018) (quoting *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011)).

"A complaint can be frivolous either factually or legally." *Eshleman v. Chester Cnty.*, No. 1:15-cv-1106-JDT-egb, 2015 WL 13744665, at *2 (W.D. Tenn. Nov. 17, 2015), *report and recommendation adopted*, 2016 WL 843390 (W.D. Tenn. Mar. 1, 2016) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. "Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) (citing *Neitzke*, 490 U.S. at 328–29). "Statutes allowing a complaint to be dismissed as frivolous give 'judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Id.* at 471 (quoting *Neitzke*, 490 U.S. at 327). "Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept 'fantastic or delusional' factual allegations as true." *Id.* at 471 (citing *Iqbal*, 556 U.S. at 678–79; quoting *Neitzke*, 490 U.S. at 327–28).

  B. <u>Bey's Claims Are Frivolous and Should Be Dismissed</u>

As discussed above, Bey's overall contention is that Defendants engaged in a conspiracy to deprive her of her rights as a sovereign citizen and that she is entitled to the invalidation of the

11

Foreclosure Proceeding. (*See generally* ECF Nos. 1, 26.) "Sovereign citizens (or 'sovereigns') are a 'loosely knit network' of individuals who express a shared anti-government sentiment." *Woodson*, 2022 WL 16985602, at *1 (quoting *Cook*, 2019 WL 2721305, at *1).[9] "Members of the contemporary movement believe that with the passage of the Fourteenth Amendment, along with various developments in commercial law (including the adoption of the Uniform Commercial Code, abandonment of the gold standard, and creation of the Federal Reserve Bank), the modern-day legal system has tricked people into giving up their 'sovereign' citizenship in order to receive government benefits." *Woodson*, 2022 WL 16985602, at *1 (quoting *Cook*, 2019 WL 272130, at *1). "Sovereign citizen pleadings are 'dense, complex, and virtually unreadable.'" *Id.* (quoting *Cook*, 2019 WL 2721305, at *1).

Regardless of an individual's claims of sovereignty, be it as a "sovereign citizen," a "secured-party creditor," or a "flesh-and-blood human being," that person is not co-equal to the federal, state, and local governments; such arguments are frivolous and "should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011); *see also Roach v. Arrisi*, No. 8:15-cv-2547-T-33AEP, 2016 WL 8943290, at *2 (M.D. Fla. Jan. 7, 2016) ("Such theories have not only been rejected by the courts, but also recognized as 'frivolous and a waste of the court resources. . . . [S]overeign citizen theories have been found to be 'utterly frivolous' and 'patently ludicrous,' using 'tactics' that are a waste of their time as well as the court's time, which is being paid for by hard-earned tax dollars.'" (quoting *Muhammad v. Smith*, No. 3:13-cv-760, 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014)). "Courts routinely reject the sort of 'meritless rhetoric frequently espoused by tax protestors,

---

[9] The *Cook* case provides a comprehensive discussion of secondary sources about the history and various beliefs of sovereign-citizen adherents. 2019 WL 2721305, at **1–2.

12

sovereign citizens, and self-proclaimed Moorish-Americans . . . .'" *Bey v. Sessler*,[10] No. 23-3421, 2024 WL 2078564, at *2 (6th Cir. 2024) (quoting *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017)); *see also Muhammad v. Jenkins*, No. 2:22-cv-2053-SHL-tmp, 2022 WL 3344228, at **2–5 (W.D. Tenn. Apr. 27, 2022) (citing *Davis v. McClain*, No. 2:19-cv-3466, 2019 WL 5853474, at *3 (S.D. Ohio Nov. 8, 2019)) (dismissing the plaintiff's challenge of a state-court foreclosure case based on sovereign-citizen theories, "which are routinely dismissed under Rule 12(b)(1)" for lack of subject matter jurisdiction).

It is therefore recommended that Bey's claims, premised entirely on sovereign-citizen theories that have no basis in law or in fact, be dismissed in their entirety as to all Defendants. *See, e.g.*, *Dunn v. Post*, No. 21-1412, 2022 WL 1297586, at *2 (6th Cir. Jan. 27, 2022) (quoting *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008)) (affirming dismissal of § 1983 claims founded on allegations the plaintiff was not subject to state law as a sovereign citizen as frivolous because they lacked "an arguable basis either in law or in fact"); *Wolshlager v. Gast*, No. 1:19-cv-293, 2019 WL 2250752, at *1 (W.D. Mich. May 2, 2019), *report and recommendation adopted*, 2019 WL 2250519 (W.D. Mich. May 24, 2019) (dismissing the complaint as frivolous where the plaintiff's allegations were founded on his purported exemption from state law as a sovereign citizen); *Hill*, 630 F.3d at 470 (citing *Neitzke*, 490 U.S. at 328–29) ("Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted."); *Eshleman*, 2015 WL 13744665, at *6 (finding frivolous the plaintiff's § 1983 claims based on allegations that she was a "natural person and a sovereign citizen" and was co-

---

[10] Unless otherwise noted, the cases cited herein with "Bey" appearing in the caption do not involve the Plaintiff in the instant case. "In Moorish legal filings, Moorish sovereign citizens refer to themselves with a series of Africanized names that incorporate the words 'bey' or 'el,' or a combination of the two." *Moorish Sovereign Citizens*, Southern Poverty Law Center, https://perma.cc/AH6Q-KTPG.

13

equal with the State of Tennessee); *Bey v. State*, 847 F.3d 559, 561 (7th Cir. 2017) ("[The plaintiff] may be a Moor but—we emphasize, in the hope of staving off future such frivolous litigation—he is not a sovereign citizen.  He is a U.S. citizen and therefore unlike foreign diplomats has no immunity from U.S. law.  Indeed his suit is frivolous and was therefore properly dismissed; he was lucky to be spared sanctions for filing such a suit."); *Cook v. Kellogg Cmty. Credit Union*, No. 1:23-cv-843, 2024 WL 3607638, at *5 (W.D. Mich. June 26, 2024), *report and recommendation adopted*, 2024 WL 3594638 (W.D. Mich. July 31, 2024) (dismissing the challenge of a state-court foreclosure proceeding under Rule 12(b)(1) "because plaintiffs' allegations consist of non-sensical sovereign citizen rhetoric.  As discussed, plaintiffs' lawsuit is based upon the premise that they are not people but 'legal estates' and that government institutions and officials do not exist, but are merely private for profit businesses and private debt collectors.  This Court has no jurisdiction for fictitious claims which are not based in law, but based in the fantasies of the sovereign citizen movement."); *El-Bey v. Bank of Am., N.A.*, No. 13-cv-12170, 2014 WL 517491, at *6 (E.D. Mich. Feb. 7, 2014) (dismissing for failure to state a claim the plaintiff's complaint based on sovereign-citizen theories because, "even accepting Plaintiff's allegations as true, they are not sufficient to establish fraud or an irregularity in the foreclosure proceedings that would justify setting aside the foreclosure sale").[11]

---

[11] The undersigned notes that courts in the Sixth Circuit are divided on whether complaints premised on sovereign-citizen theories should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) or for failure to state a claim under Rule 12(b)(6).  The divide exists because, as noted above, a factually and/or legally frivolous complaint "*ipso facto* fail[s] to state a claim," *Hill*, 630 F.3d at 470, and yet, "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion," *Apple*, 183 F.3d at 479, they are subject to dismissal for lack of subject matter jurisdiction.  Because dismissal is recommended for lack of subject matter jurisdiction based on the *Rooker–Feldman* doctrine and the sovereign immunity of the State Defendants, the undersigned recommends that dismissal based on the frivolousness of Bey's case should also be for lack of subject matter jurisdiction.

C.  Bey's Claims Are Barred by the *Rooker–Feldman Doctrine*

In their Motions to Dismiss and Joint Motion to Strike the Amended Complaint, the Wells Fargo Defendants, the Auction.com Defendants, the Wilson Defendants, and the Zillow Defendants seek dismissal based on the *Rooker–Feldman* doctrine.  "The doctrine—coming from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983)—restricts federal courts from hearing claims seeking 'relief from injury caused by the state court judgment.'"  *Robinson v. Tansley*, No. 2:23-cv-02589-SHL-atc, 2024 WL 4151160, at *7 (W.D. Tenn. Sept. 11, 2024) (quoting *In re Hamilton*, 540 F.3d 367, 371–72 (6th Cir. 2008)).  "The *Rooker–Feldman* doctrine prohibits federal district courts from 'consider[ing] cases brought by state-court losers complaining of injuries caused by state-court judgments.'"  *Harvison v. Little*, No.: 1:22-cv-01103-JDB-jay, 2023 WL 3147905, at *2 (W.D. Tenn. Apr. 28, 2023) (quoting *Larry E. Parrish, P.C. v. Bennett*, 989 F.3d 452, 455 (6th Cir. 2021)).  "The doctrine is derived from 28 U.S.C. § 1257, which 'vests sole jurisdiction to conduct[] appellate review of final state-court judgments in the Supreme Court.'"  *Id.* (quoting *Bennett*, 989 F.3d at 456).

The *Rooker–Feldman* doctrine "does not apply if the federal plaintiff 'asserts an independent claim' from the state court judgment, such as misconduct by an opposing party or fraud in procuring a judgment."  *Findley v. Adler*, No. 21-cv-2527-JTF-tmp, 2021 WL 8200572, at *5 (W.D. Tenn. Nov. 2, 2021) (quoting *Brown v. First Nationwide Mortg. Corp.*, 206 F. App'x 436, 439 (6th Cir. 2006)).  However, if "none of the allegations of misconduct are plausible or supported by factual allegations," the *Rooker–Feldman* doctrine does apply.  *Id.* (dismissing the case under the *Rooker–Feldman* doctrine where the plaintiff's allegations of fraud and misconduct relating to an underlying state court foreclosure case were not plausible); *see also Reguli v. Guffee*, 371 F. App'x 590, 593 (6th Cir. 2010) (holding that claims that a juvenile-court official

15

"conspired" against the plaintiff were insufficient to avoid dismissal under *Rooker–Feldman* where "[t]he injury alleged . . . was a direct result of the judicial order").

"To ascertain whether the doctrine applies, the Court 'look[s] to the source of the injury the plaintiff alleges in the federal complaint.'" *Harvison*, 2023 WL 3147905, at *2 (quoting *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020)). "Other than the Supreme Court of the United States, federal courts are barred from exercising appellate jurisdiction over state courts' decisions and proceedings, 'including claims that are "inextricably intertwined" with issues decided in state court proceedings.'" *Robinson*, 2024 WL 4151160, at *7 (quoting *Exec. Arts Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004)). In making this determination, "Plaintiffs' subjective characterization of their claims is not determinative. The court must determine whether *Rooker–Feldman* bars a claim 'by looking to the source of the injury the plaintiff alleges in the federal complaint.'" *Penn v. Ogg*, No. 1:14-cv-762014, 2014 WL 4450038, at *4 (S.D. Ohio Sept. 10, 2014) (quoting *Evans v. Cordray*, 424 F. App'x 537, 538 (6th Cir. 2001)) (citations omitted) (finding that the *Rooker–Feldman* doctrine applied, even though the plaintiffs couched their federal case in terms of fraud and constitutional violations, because "it is the state-court foreclosure suit and corresponding judgment entry against Plaintiffs that is the source of the injury alleged in the federal complaint . . . . This is precisely the type of claim that is barred by *Rooker–Feldman*."); *see also Hicks-Bey v. Goodstein*, 2:23-cv-10771-TGB-eas, 2023 WL 3186945, at *2 (E.D. Mich. May 1, 2023) (dismissing under *Rooker–Feldman*, even though the plaintiff made fraud and § 1983 claims, because the claims all challenged state-court foreclosure proceedings using sovereign-citizen arguments).

When the plaintiff's claims in a subsequent federal case essentially seek to set aside a state-court judgment and are "the functional equivalent of an appeal from a state court judgment,"

16

the *Rooker–Feldman* doctrine applies, and the federal court lacks subject matter jurisdiction. *Untied v. CIT Grp. Consumer Fin., Inc.*, 23 F. App'x 233, 234–35 (6th. Cir. 2001) ("The district court appropriately concluded that it lacked jurisdiction over Untied's complaint because the claims challenged the adequacy and result of state court proceedings that resolved the foreclosure sale of the subject property."); *see also Givens v. Homecomings Fin.*, 278 F. App'x 607, 609 (6th Cir. 2008) (affirming dismissal of an FDCPA case because the plaintiff was "effectively attempting to appeal from the state order granting possession to [the mortgagee], [and thus] his suit was properly dismissed under *Rooker–Feldman*"); *Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 F. App'x 487, 489–90 (6th Cir. 2005) (affirming dismissal of an FDCPA case because, "[b]esides being utterly frivolous, the plaintiffs' claims are predicated on their conviction that the state courts were wrong and, therefore, satisfy the very definition of a case requiring *Rooker–Feldman* abstention" (quotation omitted)).

Bey alleges that Defendants engaged in a conspiracy to deprive her of her rights as a sovereign citizen and that, based on the sovereign-citizen theories that almost all of her filings in this case comprise, she is entitled to the invalidation of the Foreclosure Proceeding. At its core, Bey's lawsuit in this Court is the functional equivalent of an appeal from that state-court judgment and an attempt to collaterally attack issues that have already been determined by the Chancery Court, first in the Foreclosure Proceeding and second in *Bey I*. Though Bey makes allegations of fraud and misconduct against the Defendants, all of these allegations are based on her sovereign-citizen beliefs discussed above, and none of them are plausible. Because the *Rooker–Feldman* doctrine prohibits federal district courts from "consider[ing] cases brought by state-court losers complaining of injuries caused by state-court judgments," *Bennett*, 989 F.3d at 455, it is recommended that this case be dismissed for lack of subject matter jurisdiction.

17

       D.       <u>Bey's Claims Against the State Defendants Are Barred by Sovereign Immunity</u>

In this case, Bey sues the State of Tennessee, as well as Chancellors Jefferson and Jenkins.[12] The Eleventh Amendment bars actions against states and state officers acting in their official capacity "unless they consent to be sued or Congress, pursuant to a valid exercise of its power, unequivocally expresses its intent to abrogate sovereign immunity." *Stanley v. W. Mich. Univ.*, 105 F.4th 856, 863 (6th Cir. 2024) (quoting *Ashford v. Univ. of Mich.*, 89 F.4th 960, 969 (6th Cir. 2024)). Neither exception applies here, as Tennessee has not waived its sovereign immunity with respect to Bey's claims against the State Defendants, which the Court construes as claims brought under § 1983, and Congress has not abrogated sovereign immunity via § 1983. *See Ingle v. Shelby Cnty.*, No. 2:19-cv-02080-TLP-tmp, 2019 WL 5684518, at *3 (W.D. Tenn. Nov. 1, 2019) (citing Tenn. Code Ann. § 20-13-102(a); *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)) ("[A] state is not a person under 42 U.S.C. § 1983.").

Furthermore, "[s]overeign immunity precludes suits against states and their entities or officers for monetary damages or retrospective relief but permits claims for prospective relief when brought against state officers in their official capacity." *Ashford*, 89 F.4th at 969 (citing *Ex parte Young*, 209 U.S. 123, 159–60 (1908); *Edelman v. Jordan*, 415 U.S. 651, 668 (1974)). In this case, Bey seeks only damages and retrospective relief, such that her claims against the State Defendants are barred by Eleventh Amendment sovereign immunity. For these additional

---

[12] The Chancellors are state employees, *see* Tenn. Code Ann. § 17-2-305(b)(1), and are sued in their official capacity only. An official-capacity claim against a state employee "constitutes an action against the state." *White ex rel. Swafford v. Gerbitz*, 860 F.2d 661, 663 n.2 (6th Cir. 1988) (citations omitted).

reasons, Bey's claims against the State Defendants should be dismissed for lack of subject matter jurisdiction.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the Defendants' Motions to Dismiss (ECF Nos. 9, 10, 13, 16, 24) and the Motion to Strike the Amended Complaint (ECF No. 32) be granted and that this case be dismissed.

## **ORDER**

Also before the Court are Bey's Motion to compel discovery pursuant to Rule 26 (ECF No. 39), Motion to compel discovery pursuant to Rule 37 (ECF No. 55), and Motion to waive the meet and confer requirements of Rule 26(f) (ECF No. 61). In light of the recommendations above, these Motions are DENIED WITHOUT PREJUDICE AS MOOT.

SO ORDERED this 4th day of February, 2025.

> s/Annie T. Christoff
> ANNIE T. CHRISTOFF
> UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver/forfeiture of objections, exceptions, and further appeal.