# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

DORIS ANN NETTLES, ESTATE,
CHAVA NIKE' BEY, EXECUTRIX/
BENEFICIARY AND TRUSTEE,

    Plaintiff,

v.                                                Case No. 2:24-cv-02241-MSN-atc
                                              JURY DEMAND

STATE OF TENNESSEE, *et al*,

    Defendants.

## ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Chief Magistrate Judge's Report and Recommendation (ECF No. 63, "Report") entered February 4, 2025, recommending dismissal of this action. On February 18, 2025, Plaintiff filed Objections (ECF No. 64) to the Report. For the reasons set forth below, the Court **ADOPTS** the Chief Magistrate Judge's Report in its entirety.

### STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or

recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## DISCUSSION AND CONCLUSION

Plaintiff's Objection largely reiterates sovereign citizen arguments previously presented to and addressed by the Chief Magistrate Judge. Rather than identifying specific errors in the Chief Magistrate Judge's legal analysis, Plaintiff's Objections restate her belief that she is a "living sentient being, warm blooded woman" distinct from any legal entity (ECF No 64 at PageID 845)

2

that the United States is a corporation rather than a legitimate government (*Id*. at 834), and that various papal decrees supersede federal law (*Id*. at PageID 838–39).  Such theories have been consistently rejected by courts as legally frivolous.  *United States v. Cook*, No. 3:18-cr-00019, 2019 WL 2721305, at *1 (E.D. Tenn. Jun. 28, 2019) (rejecting sovereign citizen theories that individuals are separate from their legal identities and that the government operates as a corporate entity).

The only potentially specific objection—that the Magistrate Judge showed bias by being a member of the "BAR" along with some defendants—is also rooted in sovereign citizen theories that courts have repeatedly rejected.  *United States v. Joseph*, No. 17-cr-02483-KG/JHR, 2022 WL 1078215, at *5 (D.N.M. Apr. 11, 2022) (rejecting argument that bar membership establishes bias or allegiance to a foreign power).  Moreover, Plaintiff does not explain how the Chief Magistrate Judge's legal analysis was incorrect or how a de novo review would yield a different result.

Because Plaintiff's Objections merely restate arguments previously raised and addressed, they do not warrant a de novo review.  The Court has reviewed the Report for clear error and finds none.  *See Hill vl Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (finding that a complaint is frivolous when based on an "indisputably meritless legal theory.")

For the reasons stated above, Plaintiff's Objections (ECF No. 64) are **OVERRULED**.  The Court **ADOPTS** the Chief Magistrate Judge's Report and Recommendation (ECF No. 63) in its entirety.  The Defendants' Motions to Dismiss (ECF No. 9, 10, 13, 16 & 24) and the Motion to Strike the Amended Complaint (ECF No. 32) are **GRANTED**.  Accordingly, this action is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**, this 19th day of February, 2025.

                                             *s/ Mark S. Norris*
                                             MARK S. NORRIS
                                             UNITED STATES DISTRICT JUDGE